UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tyrone Noel Nunn,

            Plaintiff

v.

The State of Nevada, et al.,

            Defendants

Case No. 2:24-cv-01318-CDS-DJA

**Order Dismissing and
Closing Case**

Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections. On January 2, 2025, I ordered Nunn to file an amended complaint by February 3, 2025. ECF No. 3. I warned Nunn that the action could be dismissed if he failed to file an amended complaint by that deadline. *Id.* at 6. That deadline expired and Nunn did not file an amended complaint, move for an extension, or otherwise respond.

I.    Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

1 (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d

2 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

3          The first two factors, the public's interest in expeditiously resolving this litigation and

4 the Court's interest in managing its docket, weigh in favor of dismissing Nunn's claims. The third

5 factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

6 injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

7 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

8 factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by

9 the factors favoring dismissal.

10          The fifth factor requires the Court to consider whether less drastic alternatives can be

11 used to correct the party's failure that brought about the Court's need to consider dismissal. *See*

12 *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

13 alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*

14 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force

15 of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to

16 disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave

17 to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by

18 *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

19 case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421,

20 1424 (9th Cir. 1986).

21          Because this action cannot realistically proceed until and unless Nunn files an amended

22 complaint, the only alternative is to enter a second order setting another deadline. But the reality

23 of repeating an ignored order is that it often only delays the inevitable and squanders the Court's

24 finite resources. The circumstances here do not indicate that this case will be an exception: there

25 is no hint that Nunn needs additional time or evidence that he did not receive my screening order.

26 Setting another deadline is not a meaningful alternative given these circumstances. So the fifth

27 factor favors dismissal.

28

2

II.        Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is **DISMISSED** without prejudice based on Nunn's failure to file an amended complaint in compliance with my January 2, 2025, order.

It is further ordered that Nunn's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. This status does not relieve Nunn of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

It is further ordered that Nunn is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

Pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Tyrone Noel Nunn, #1252474** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, he must file a complaint in a new case.

Dated: February 10, 2025

Cristina D. Silva
United States District Judge